UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
|     ROGER LOWENSTEIN, | : | Chapter 13 |
| | : | |
|     Debtor. | : | Bky. No. 10-14860 ELF |
| | : | |
| ROGER LOWENSTEIN, | : | |
| | : | |
| LYNNE LOWENSTEIN, | : | |
| | : | |
|     Plaintiffs, | : | Adv. No. 10-0409 |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK, N.A., as Trustee of Mastr. Adj. Rate Mortgage Mortgages Trust 2007-3, | : | |
| | : | |
| BAC HOME LOAN SERVICING, LP, | : | |
| | : | |
|     Defendants. | : | |

# M E M O R A N D U M

**I.**

In this adversary proceeding, the Debtor and his spouse, Lynne Lowenstein (collectively, "the Plaintiffs"), seek to enforce their purported pre-petition rescission of a residential mortgage transaction ("the Transaction") pursuant to the Truth-in-Lending Act, 15 U.S.C. §§1601-1667f ("TILA"). The thrust of the Plaintiffs' claim is that the disclosure statement provided to the Plaintiffs by the original lender, Countrywide Home Loans, Inc. ("Countrywide"), in the subject residential mortgage loan transaction understated the finance charge by more than $35.00, the amount the parties agree is the error tolerance level (hereafter, "the Statutory Error Tolerance") in

-1-

this claim for rescission of the Plaintiffs' mortgage.  See 15 U.S.C. §1635(i); 12 C.F.R. 226.23(h)).  The Defendants are U.S. Bank, N.A., as Trustee of Master Adjustable Rate Mortgages Trust 2007-3 ("Defendant U.S. Bank") and BAC Home Loan Servicing, L.P. ("Defendant BAC").

By Order and Memorandum dated entered on October 5, 2011, I denied the parties' cross-motions for summary judgment.  See In re Lowenstein, 2011 WL 4588903 (Bankr. E.D. Pa. Oct. 5, 2011).  As explained in the Memorandum, I concluded, based on the summary judgment record, that:

- the facts are largely undisputed;

- the disclosure statement provided to the Plaintiffs in the subject residential mortgage loan transaction understated the finance charge by at least $35.00;

- the Plaintiffs' claims that certain other charges were improperly excluded from the finance were without merit as a matter of law;

- but, there was a disputed issue of material fact whether an additional $5.00 charge, paid as a "service charge for using the county's electronic recording system," was omitted erroneously from the disclosed finance charge.  Id. at *11.

Because it appeared likely that the one (1) material disputed factual issue could be resolved on a proper record, I gave the parties an opportunity to supplement the evidentiary record and renew their opposing requests for summary judgment.  They have done so.

After reviewing the parties' additional submissions, I conclude that the $5.00 service charge at issue was properly excluded from the finance charge.  Therefore, the finance charge disclosure error fell within the Statutory Error Tolerance, no material violation of TILA occurred and the Defendants are entitled to the entry of summary judgment in their favor.

## II.

I will not repeat the discussion of the factual background and legal issues discussed in the prior Memorandum. That discussion is incorporated herein by reference.

In support of its motion for summary judgment, the Defendants have supplemented their prior submissions by filing the Supplemental Declaration of Randi McEwing ("McEwing Supp. Decl.") (Doc. # 47-2), an employee of Grateful Abstract, LLC ("Grateful Abstract"), the title company that acted as the closing agent in the Transaction. The Declaration states that:

- Grateful Abstract could have recorded the mortgage conventionally (i.e., by hand-delivery or mail);

- Grateful Abstract chose to record the mortgage through electronic means;

- to accomplish the electronic recordation, Grateful Abstract retained a company that provides electronic recordation services, called "Simplifile;"

- Grateful Abstract paid a $5.00 charge to Simplifile;

- Simplifile recorded the Plaintiff's mortgage electronically with the Recorder of Deeds of Montgomery County;

- the Plaintiffs were assessed a $5.00 charge in the Transaction;

- Countrywide, the original lender in the Transaction, did not require Grateful Abstract to record the borrower's mortgage electronically;

- Simplifile is not affiliated with Countrywide;

- no portion of the $5.00 fee was paid to Countrywide.

(McEwing Supp. Decl. ¶¶ 3-6).

The Plaintiffs have submitted no additional evidence in support of their motion for summary judgment, and in their Memorandum of Law, expressly acknowledged that they do not dispute the veracity of the factual averments in the McEwing Supp. Decl. (Pls. Supp. Mem. of

Law at 3) (Doc. # 48).

### III.

As I observed in the prior Memorandum, "a finding that the $5.00 mortgage recording fee 'service charge' is a finance charge would result in the determination that the erroneous finance charge disclosure exceeded the Statutory Error Tolerance and that there was a material violation of TILA, giving rise to an extended right of rescission." Lowenstein, 2011 WL 4588903, at * 11. The Defendants' additional submission has clarified the nature of the $5.00 charge and has identified the party participating in the Transaction that imposed the fee. With these additional facts, I conclude, as a matter of law, that the $5.00 service charge was properly excluded from the finance charge.

The $5.00 charge was imposed by the closing agent (Grateful Abstract), not the lender (Countrywide), to reimburse the closing agent for a charge it incurred in recording the mortgage the Plaintiffs granted to Countrywide in the Transaction. The lender did not receive any of the money paid by the Plaintiffs for this charge.

The statute and regulations expressly address this type of charge and both provide unequivocally that such a charge is **not** a finance charge.

In 15 U.S.C. §1605(a), setting forth the general definition of a "finance charge," TILA states:
> The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges.

Regulation Z, 12 C.F.R. §226.4(a)(2) states that the term "finance charge" does not

-4-

include certain charges assessed by the closing agent in a transaction:

> (2) Special rule; closing agent charges. Fees charged by a third party that conducts the loan closing (such as a settlement agent, attorney, or escrow or title company) are finance charges only if the creditor--
>
>> (i) Requires the particular services for which the consumer is charged;
>>
>> (ii) Requires the imposition of the charge; or
>>
>> (iii) Retains a portion of the third-party charge, to the extent of the portion retained.

See also 12 C.F.R. Pt. 266, Supp. I, Subpt. A, Official Staff Interpretations, § 226.4(a)(2).

The Defendants cite reported decisions in which courts have excluded fees charged by a closing agent (not the lender) for courier services used to deliver documents to other parties. See, e.g., Cowen v. United Bank of Texas, FSB, 70 F.3d 937, 943 (7th Cir. 1995); Bell v. Parkway Mortgage, Inc., 309 B.R. 139, 151 (Bankr. E.D. Pa. 2004).[1] The Defendants argue that the electronic recording service charge that Grateful Abstract paid to Simplifile is analogous to the courier fee in the reported cases and that the charges was properly excluded from the finance charge.

In response, the Plaintiffs cite no case law under 12 C.F.R. §226.4(a)(2) in support of their position, but, instead, argue that the provision does not apply in this case because the charge

---

[1] The Plaintiffs also cite Martinez v. Weyerhauser Mtge. Co., 959 F. Supp. 1511 (S.D. Fla. 1996), a case evaluating the sufficiency of the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). Martinez involved a $25.00 cashier/wire fee. The HUD-1 Settlement Statement showed that the charge was paid to the lender. This rendered inapplicable the §226.4(a)(2) finance charge exclusion. Consequently, the court denied the defendant's motion to dismiss. See also In re Strong, 356 B.R. 121, 162 (Bankr. E.D. Pa. 2004) (finding courier fee to be finance charge where lender asked closing agent to return documents "within 24 hours of closing").

was imposed by a separate third-party vendor, Simplifile, not by Grateful Abstract.

I am unpersuaded by the Plaintiffs' attempt to split hairs in this fashion. For purposes of TILA, the charge was imposed by the closing agent. The McEwing Supp. Decl. makes clear that Grateful Abstract made the decision to use Simplifile's services. (McEwing Supp. Decl. ¶5). The fact that the closing agent itself incurred a fee by using a third party service to assist it in carrying out its functions (and for which it expected reimbursement) in no way changes the fact that the charge was imposed by the closing agent and not by the lender (Countrywide).

Thus, I agree with the Defendants that the analogy to courier services is appropriate. Functionally, the charge was paid by the closing agent to expedite or facilitate delivery of the mortgage to the Recorder of Deeds (where a separate filing fee was paid). So long as the charge was not imposed by the lender (Countrywide) and the lender retained none of the charge – and the undisputed facts in the record demonstrates this to be the case – it may be excluded from the finance charge by TILA and Regulation Z.

The Plaintiffs also argue that 12 C.F.R. §226.4(a)(2) is not the determinative provision of Regulation Z. They contend that the propriety of the disclosure of the $5.00 service charge should be measured solely by 12 C.F.R. 226.4(e)(1)(i), which excludes from the finance charge "[t]axes and fees prescribed by law that actually are or will be paid to public officials for determining the existence of or for perfecting, releasing, or satisfying a security interest."

In the prior Memorandum, I rejected a similar argument made by the Plaintiffs with respect to the exclusion of notary fees from the finance charge. See Lowenstein, 2011 WL 4588903, at *8-9 (12 C.F.R. §226.4(e) is not the exclusive vehicle for excluding notary fees from the finance charge and a notary charge that satisfies the requirements of a more specific

regulation, 12 C.F.R. §226.4(c)(7)(iii), may be excluded from finance charge).  I draw the same conclusion with respect to the $5.00 service charge.  While the $5.00 service charge is related to the process of recording the security interest, its proper treatment (i.e., whether or not it should be disclosed as part of the finance charge) is measured by the provision of Regulation Z, 12 C.F.R. §226.4(a)(2), that more specifically addresses the proper disclosure of charges of this nature.

Here, undoubtedly, the $5.00 fee paid to a third party for electronic recordation services is not a "fee paid to a public official for perfecting a security interest" and cannot be excluded under 12 C.F.R. §226.4(e)(1)(i).  However, that does not preclude the charge from being excluded from the finance charge as a "closing agent charge" under §226.4(a)(2).

### IV.

For these reasons, I conclude that there are no undisputed issues of material fact and that the Defendants are entitled judgment as a matter of law.  An appropriate order follows.

Date:   November 15, 2011

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE